UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS AND DIANA VU d/b/a<br>CHRIS' LAUNDROMAT | CIVIL ACTION |
| VERSUS | NO: 07-6529 |
| NATIONAL FIRE AND INDEMNITY<br>EXCHANGE | SECTION: "A" (2) |

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment on Behalf of National Fire and Indemnity Exchange** (**Rec. Doc. 17**) filed by defendant National Fire and Indemnity Exchange ("National Fire"). Plaintiffs, Thomas and Diana Vu, oppose the motion. The motion, set for hearing on June 11, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

**I.   BACKGROUND**

The instant action arises out of damage to Plaintiffs' business[1] located in New Orleans,

---

[1] The Court notes that the Petition consistently refers to Plaintiffs' business as "Chris' Laudromat." Plaintiffs do not use the business name in their memorandum in opposition. The policy of insurance lists the named insured as "Chris' Laundromat." The Court assumes that the name on the Petition was a typographical error and will refer to the business as "Chris' Laundromat."

Louisiana as a result of Hurricane Katrina and its aftermath. Plaintiffs allege that their "property was among the hundreds of thousands of homes and businesses damaged and/or destoryed by Katrina." (Pet. ¶ VIII). According to Plaintiffs, at all relevant times, National Fire provided commercial property insurance for Plaintiffs' Laundromat under policy number CPP6148-93-06. (*Id.* at ¶ VI). Plaintiffs aver that following the hurricane, National Fire sent adjusters to the property to provide damage estimates, but that "they failed to adequately compensate the petitioners and/or denied the petitioners coverage for the damaged property." (*Id.* at IX).

As a result of the foregoing, Plaintiffs filed the instant action in the Civil District Court for the Parish of Orleans on August 28, 2007, seeking the following damages: past lost income; future lost income; loss of use of properties; compensation to repair and/or replace damaged, or destroyed, properties; traveling expenses; miscellaneous expenses; utility expenses; and property damage. (*Id.* at ¶ XII). In addition, Plaintiffs assert a claim for penalties and attorney's fees under Louisiana Revised Statute 22:1220, arguing that Defendant's delays are arbitrary, capricious, and without probable cause. (*Id.* at ¶¶ XIV-XVII).

On October 5, 2007, National Fire removed the action to this Court on the grounds that the Court has original subject matter jurisdiction under 28 U.S.C. § 1332. (NOR ¶ 6). Defendant contends that the parties are diverse and that the amount in controversy is satisfied. (*Id.* at ¶¶ 10-12).

Defendant moves for summary judgment, asserting that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. National Fire frames the issue as whether "the massive inundation of water which swept through New Orleans in the aftermath of Hurricane Katrina . . . and caused Plaintiffs' damages constitute[s] a 'flood', 'surface water' or 'overflow of

2

a body of water." (Def. Mem. in Supp. p. 2).  Defendant submits that the question "can only be answered in the affirmative." (*Id.*)

Through its motion, National Fire argues as follows: (1) Plaintiffs' alleged losses are excluded by the water damage exclusion in Plaintiffs' policy; (2) Plaintiffs' claim that National Fire's actions and/or inactions violate the insurance code of the state of Louisiana must fail, as a matter of law; (3) enforcing the water damage exclusion is consistent with congressional intent to make coverage available under the NFIP for the types of losses at issue herein; and (4) retroactive invalidation of National Fire's water damage exclusion is impermissible under the United States and Louisiana constitutions.  (Def. Mem. in Supp. pp 6, 19, 20, 22).

In opposition, Plaintiffs argue that an issue of material fact exists as to whether the personal property of the business was damaged solely by flood waters. (Pla. Mem. in Opp. p. 2).  Further, Plaintiffs contend that although most of the personal property was subsequently damaged by flood waters, an issue of material fact exists as to whether the property was first damaged by wind and wind-driven rain.  (*Id.*)  Plaintiffs do not address National Fire's arguments regarding Plaintiffs' claims for bad faith penalties.

**II.     DISCUSSION**

Summary Judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  A dispute about a material fact

is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

National Fire contends that it is entitled to judgment as a matter of law "because Plaintiffs herein have failed to make a sufficient showing on an essential element of their case with respect to which they have the burden of proof, namely that [National Fire] provides coverage for flood related damages to their business under the policy of insurance issued to Plaintiffs." (Def. Mem. in Supp. p. 7-8). The Court agrees. For the reasons that follow, the Court finds that Plaintiffs have failed to meet their burden of demonstrating that a genuine issue of material fact exists such that summary judgment is inappropriate.

The insurance policy at issue contains the following language regarding a flood exclusion:

> B.  EXCLUSIONS
>     1.  ***We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.***
>         . . .
>         g.  Water
>             (1)  ***Flood, surface water, waves, tides, tidal waves,***

> ***overflow of any body of water, or their spray, all whether driven by wind or not***;
> (2) Mudslide or mudflow;
> (3) Water that backs up or overflows from a sewer, drain or sump; or
> (4) Water under the ground surface pressing on, or flowing or seeping through:
>   (a) Foundation, walls, floors or paved surfaces;
>   (b) Basements, whether paved or not;
>   ( c) Doors, windows or other openings.
> But, if Water, as described in g.(1) through g.(4) above, results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage.

(Def. Exh. A, p. 31) (emphasis added).

As an initial matter, the Court notes that Plaintiffs do not dispute the existence of a flood exclusion in the relevant policy, nor do they dispute the legal repercussions of such an exclusion. In fact, Plaintiffs fail to address National Fire's arguments regarding the exclusion. Moreover, Plaintiffs do not discuss National Fire's assertion that courts have upheld the validity of flood exclusions similar or identical to the exclusion in this case.[2] Rather, Plaintiffs' opposition hinges on two arguments. First, Plaintiffs argue that a genuine issue of material fact exists as to whether the business' personal property was damaged solely by flood waters. (Pla. Mem. in Opp. p. 2). To support this contention, Plaintiffs reference pictures that they attached as exhibits, which purport to reveal that the business suffered flood damage of approximately four feet. (*Id.*) (citing Pla. Exh. A-

---

[2]National Fire cites *Sher v. Lafayette Insurance Company* and *In Re Katrina Canal Breaches Litigation* for the proposition that these cases "now serve as precedent for the denial of recovery to Plaintiffs herein of their flood damage and related claims." (Def. Mem. in Supp. p. 3) (citing *Sher v. Lafayette Ins. Co.*, 2008 WL 928486 (La. 2008); *In Re Katrina Canal Breaches*, 495 F.3d 191 (5th Cir. 2007)).

C). Further, Plaintiffs contend that the photograph marked "Exhibit A" shows that the business sustained roof damage and that "obviously rain water came through the roof damaging clothing that were hung above the flood line." (*Id.*) (citing Pla. Exh. A, C). In addition, Plaintiffs contend that the photographs marked as Exhibits "A" and "B" indicate that the business was broken into and vandalized and that the stolen property may include clothing, cleaning products, and money from the gaming machines. (*Id.*) (citing Exh. A, B). According to Plaintiffs, "[t]he losses briefly mentioned were not caused by flood, and based on information and belief, are covered under the policy issued by the defendant." (*Id.*)

Second, while conceding that "most of the personal property was subsequently damaged by flood waters," Plaintiffs argue that "an issue of material fact exist [sic] as to whether the property was first damage [sic] by wind and rain water driven by wind." (*Id.*) As an initial matter, the Court notes that pursuant to the Policy, damage caused by wind-driven water is excluded.[3] Further, the Court questions Plaintiffs' support for this argument. Plaintiffs' sole support lies in Exhibit A, which Plaintiffs assert "shows that a whole front window panel of the store was broken during the storm." (*Id.*) From this, Plaintiffs assert that "[w]ith an opening that big, wind and wind driven rain obviously caused damages to some property prior to the flood waters." (*Id.* at p. 2-3). However, Plaintiffs provide no evidence to corroborate this conclusory allegation.

Although not submitted by either party to support its position on this motion, the Court reviewed the Answers to Interrogatories filed into the record as an exhibit to Plaintiff's [sic]

---

[3] As referred to above, the Policy excludes damage caused by an excluded event, such as water, "regardless of any other cause or event that contributes concurrently or in any sequence to the loss."

Opposition [to] Defendant's Motion to Compel (Rec. Doc. 24).  From this document, the Court gleaned the following information.  First, Plaintiffs report that the only policy in effect at the time of Hurricane Katrina was the policy issued by National Fire.  As such, the Court assumes that a policy of flood insurance did not exist to provide coverage for the four feet of flood water that Plaintiffs admit entered their premises.  Moreover, in response to National Fire's Interrogatory No. 4, asking Plaintiff to "[i]dentify each and every individual inspection of the premises which you claim was damaged by Hurricane Katrina including the date, persons in attendance and any documentation provided by you to anyone in attendance at said inspection," Plaintiffs responded with the following:

> My two sons, James Vu and Dung Vu, performed an inspection of the property.  No documentation were kept during the inspection.
> Inspection was also done by Primary Adjuster Mr. Thomas Necker on 10/20/2005.

(Rec. Doc. 24-2).  As of the filing of Plaintiffs' Answers to Interrogatories, Plaintiffs did not include Mr. Necker as a potential witness.  The Court notes that Plaintiffs do not mention Mr. Necker or his inspection at any point in their opposition to National Fire's motion.

The Court cannot locate any documentation in the record to buttress Plaintiffs' conclusory allegations regarding a genuine issue of fact precluding summary judgment.  Arguably, the photographs depict damage to a property; however, they do not indicate who took each picture, when the pictures were taken, or what each photograph purportedly depicts.  Moreover, without more, these pictures alone cannot raise a genuine issue of material fact as to whether the damage depicted was caused by a covered event and not excluded under the express language of the Policy.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment on Behalf of National Fire and Indemnity Exchange (Rec. Doc. 17)** filed by Defendant is **GRANTED.** Plaintiffs' claims against National Fire and Indemnity Exchange are **DISMISSED**.

August 1, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE